THOMAS, S.J.,
This matter is before us on a motion for partial summary judgment with the sole issue being the constitutionality of section 2502 of the Probate, Estates and Fiduciaries Code of Pennsylvania, 20 Pa.C.S. §2502(2).
The deceased, Frederick J. Blyler, placed his mark on a will dated September 28, 1989, which will was witnessed by three subscribing witnesses. It is admitted that at the time the deceased placed his mark thereon and the subscribing witnesses observed the same that the typewritten name of the testator had already been typed under the signature line, and therefore did not meet the requirements of section 2502(2), which requires that the name of the testator be subscribed in his presence before or after he makes his mark. There had been a previous will executed July 8, 1987, which was admitted to probate by the Register of Wills.
The sole issue for the court’s determination is the contention of Laura Johnson, a co-beneficiary un *552 der the 1989 will which the register refused to probate, that section 2502(2) of the Probate, Estates and Fiduciaries Code is unconstitutional.
DISCUSSION
The thrust of Laura Johnson’s contention is that this section of the Pennsylvania Code in establishing appropriate procedures when wills are signed by mark exceeded legislative authority in that the strict language requiring that the name of the marking testator be subscribed before or after he makes his mark in his presence is such an arbitrary exercise of legislative power as to violate the due process guarantee of the Fifth and 14th amendments of the United States Constitution.
We heard oral arguments on this narrowly focused issue and received excellent briefs from each side. We direct the briefs be filed and made part of the record in this case.
After study of the statute and the case law propounded by each side, we are satisfied that this particular section of the code is not unconstitutional.
We will not here recite case law to the effect that statutory law enacted by state legislators carries a presumption of constitutionality. We need not here restate and analyze applicable decisional law so carefully set forth in the respective briefs. We are satisfied that the Jerokovitch Will case cited in the briefs is controlling. See Jerokovitch Will, 30 Fid. Rep. 265 (1979), affirmed per curiam, 488 Pa. 537, 412 A.2d 1106 (1980), dismissed on appeal to the U.S. Supreme Court in 449 U.S. 803.
Judge Rodgers in Jerokovitch carefully traced the legislative history of requirements necessary to validate wills executed by mark and the necessity of *553 safeguards designed to carry out the intention of the testator and eliminate fraud. As noted by Judge Rodgers, the motive of the legislature is generally not a matter for judicial review and the safeguards built into Pennsylvania Code are not so arbitrary and capricious as to infringe upon the deprivation of property under the Fifth Amendment of the federal Constitution.
Accordingly, this court, as did the Supreme Court of Pennsylvania in deciding Jerokovitch, concludes that section 2502(2) does not violate federal or state constitutional standards and represents appropriate legislative discretion in mandating safeguards when wills are signed by mark.
We note in reaching this conclusion that we do not decide, and, in this narrowly focused issue, we are not called upon to decide, whether Frederick J. Blyler possessed the requisite testamentary capacity at the time he placed his shaky, quivering mark on the will at issue.